23 C.C.P.A.(Patents)

### In re NIELSEN.

### Patent Appeal No. 3547.

Court of Customs and Patent Appeals.
Dec. 2, 1935.

Henry E. Stauffer, of Washington, D. C. (Theodore H. Lassagne, of San Francisco, Cal., of counsel), for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GARRETT, Associate Judge.

The Board of Appeals of the United States Patent Office having affirmed the decision of the Examiner rejecting all the claims of appellant's application for patent on an alleged improved form of pneumatic jack adapted for reciprocatory operation, the case is brought to this court for review.

Specifically, appellant's device is intended for use as a "car rocker" in greasing automobiles and the like, and it is designed, as stated by the Board, for a comparatively rapid lifting and lowering of the load resting upon it so as to cause flexure of the joints under treatment, to insure a proper application of grease thereto.

As finally acted upon, the claims of the application were numbered 18 to 22, inclusive. Of these, 18 and 22 seem to be fairly illustrative.

"18. A jack comprising a load engaging member, a single acting motor for driving said member, valving mechanism associated with said motor, and snap acting mechanism for operating said valving mechanism under control of said load engaging member."

"22. In a jack, a load engaging member driven, by a single acting motor comprising a piston, a cylinder, and valving mechanism controlling access to said cylinder on one side of said piston only; in combination with a snap acting device for operating said mechanism and comprising a toggle linkage, a spring normally maintaining said linkage in one bent position, and means actuated by movement of said piston for moving one element of said linkage whereby the action of the spring on the other element thereof is reversed."

Four patents were cited as references, viz.: Folberth, 1,424,890, August 8, 1922; Murphy, 1,825,411, September 29, 1931; Dove, 1,834,607, December 1, 1931; Schoenberg, 1,877,364, September 13, 1932.

Appellant's disclosure is of a single acting motor which drives a load engaging member. The motor contains a piston controlled by valving mechanism and movable in a cylinder. The valving mechanism is operated at each end of the piston by a rod that controls a snap acting device which includes a toggle linkage maintained in one bent position by a spring.

The feature upon which appellant seems particularly to rely to render his combination patentable is the snap act-

ing mechanism or device as arranged in, or applied to, the jack.

The Folberth patent relates to a windshield cleaner; the patent to Murphy to a suction motor; the patent to Dove to a fluid motor; and the patent to Schoenberg to an automobile or vehicle greasing jack.

It is conceded that each of the patents to Folberth, Murphy, and Dove discloses a snap acting valve structure, but it is urged that their motors are of the double acting type, whereas appellant applies his snap action device to a single acting motor.

Specifically, the rejection by the tribunals of the Patent Office was upon Schoenberg, in view of each of the other references.

The Schoenberg patent discloses a pair of fluid operating, single-acting jacks designed to be applied simultaneously to the sides of an automobile, "midway between the front and rear wheels," when it is being greased. The two jacks are supplied with a common control valve so adjusted that, when compressed air is admitted to one jack, it is exhausted from the other.

The Board says: " * * * The valve is controlled by venting pressure from the jack cylinder to one end of the control valve to cause its shifting to a reverse position. This venting is in turn controlled by a contact valve incorporated in the jack body and directly operated·by abutments on the jack piston. By adjustment to bring different abutments into cooperative relation with the last-mentioned valve, the length of stroke may be regulated as desired."

It is not claimed that any snap action device is present in Schoenberg, but it was found that the specific structure of the snap action set forth ·in appellant's claims was anticipated by each of the other references, and the tribunals of the Patent Office concurred in holding that no invention was involved in applying the snap action of such references to the jack of Schoenberg.

It is accordingly argued before us on behalf of appellant: "This case turns upon the single contention that it was error to hold that the substitution of the snap-acting valving mechanism of the references was a substitution of equivalents."

It is urged that no operative jack would be produced by substituting the snap acting valving mechanism of Dove, Murphy, or Folberth for the admission and exhaust valve mechanism of Schoenberg, without having a complete reorganization of the structures of all the references, or at least that such reorganization would be necessary to produce a structure operating in accordance with the principles of appellant's disclosure.

The following points are suggested in the brief for appellant:

"First. Double-acting motors such as the Dove, Murphy and Folberth structures, require a snap-acting valve structure in order to operate at all.

"Second. The substitution of a snap-acting· valve operating mechanism in a single-acting motor would produce a structure inoperative for the purposes for which the Dove, Murphy and Folberth structures are designed.

"Third. The fact that the combined reference structures would not be operative for such purposes, prohibits any inference that to combine them would be obvious.

"Fourth. The different purpose for which the snap-acting mechanism is used in double-acting motors negatives any inference that it is the equivalent of valving mechanisms formerly used in single-acting motors."

We confess our inability to discern the relevancy of the first point. The important fact, it seems to us, so far as the availability as references of the patents there named is concerned, is not that they must have snap action but that they do have it. Nor do we see the importance of the second point, granting its correctness. As we understand it, appellant did not seek to produce a structure operative for the purposes for which the Dove, Murphy, and Folberth structures were designed, but one operative for the general end performed by the Schoenberg mechanism, and, reduced to the final analysis, the question is simply whether it required invention to introduce a snap acting valve controlling device of known structure into the jack organization of the prior art, in place of another valve operating means.

Upon the issue thus limited we find ourselves in agreement with the tribunals of the Patent Office, and nothing in any of the authorities cited seems to us to justify any different conclusion.

The decision of the Board of Appeals is affirmed.

Affirmed.